# IN THE UNITED STATES DISTRICT COURT

for the District of Columbia

| | |
|---|---|
| The CITY OF NEW YORK<br>        *Plaintiff,*<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>as Receiver for First Republic Bank<br>        *Defendant.* | Case No. 24-303 |

## COMPLAINT

Plaintiff the CITY OF NEW YORK (the "City"), by its counsel the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Complaint (the "Complaint") against the FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), as receiver for First Republic Bank ("FRB"), respectfully alleges with knowledge of its own actions and on information and belief as to the actions of others, as follows:

## STATEMENT OF CLAIM

1.      The City brings this action pursuant to 12 U.S.C. § 1821 for a determination of the claim by the New York City Department of Finance (the "DOF") for New York City Business Corporation Tax (hereinafter the "Business Corporation Tax" or "Corporation Tax") and New York City Commercial Rent Tax (hereinafter the Commercial Rent Tax") by the defendant FDIC, as receiver for FRB, and for reinstatement of DOF's claim.

## PARTIES

2.      Plaintiff City is a municipal corporation organized under the laws of the State of New York. The City, through its agency the DOF, is authorized to administer and collect all taxes

for the City pursuant to the New York City Charter § 1504. The principal office of DOF is located at 375 Pearl Street New York, New York 10038.

3.       Defendant is an independent agency of the United States created by the Federal Deposit Insurance Act (the "FDI Act"), 12 U.S.C. § 1811, et seq., and related laws and regulations. The FDIC acts, from time-to-time and among other things, as a receiver for banking institutions. The City brings this action against the FDIC solely in its capacity as receiver for FRB.

4.       FRB was a commercial bank with a principal place of business in San Francisco, California, offering services to high-net-worth individuals and businesses, with total assets of $ 229.1 billion as of April 13, 2023. On May 1, 2023, the California Department of Financial Protection and Innovation shut down FRB, and the FDIC was appointed as receiver for FRB.

## JURISDICTION AND VENUE

5.       This action arises under the FDI Act, 12 U.S.C. § 1811, et seq., as amended. The claims raised herein include, without limitation, a request for a judicial determination pursuant to 12 U.S.C. § 1821(d)(6), of the timely proof of claim dated July 17, 2023 (the "Proof of Claim") submitted by the City for unpaid taxes and rejected by the FDIC's notice of disallowance dated December 7, 2023 (the "Disallowance") disallowing the Proof of Claim. The statutorily prescribed proper forum for jurisdiction and venue for such a determination expressly includes the United States District Court for the District of Columbia. 12 U.S.C. § 1821(d)(6).

6.       This Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. §§ 1819(b)(2)(A), 1821(d)(6) and 28 U.S.C. §§ 1331 and 1332.

7.       This Court also has jurisdiction over the state law claims of this action pursuant to 28 U.S.C. § 1367.

8.       Venue is proper in this Court pursuant to 12 U.S.C. § 1821(d)(6) and 28 U.S.C. § 1391(e).

9. Judicial determination of a claim is provided pursuant to 12 U.S.C. § 1821(d)(6)(A), and under this section this Court has jurisdiction to entertain the City's grounded claims for relief *de novo*.

## STATUTORY FRAMEWORK

10. The FDIC is appointed receiver for financial institutions pursuant to 12 U.S.C. § 1821(c).

11. Pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC succeeds to title to the books, records, and assets of a financial institution when it is appointed receiver.

12. In accordance with 12 U.S.C. § 1821(d)(5)(B), the receiver shall allow any timely claim which is proved to the satisfaction of the receiver.

13. When a claim is disallowed, a claimant may seek judicial determination on such a timely claim by filing "suit on such claim . . . in the United States District Court for the District of Columbia . . . (and such court shall have jurisdiction to hear such a claim)". 12 U.S.C. § 1821(d)(6)(A).

14. When a claimant seeks judicial relief, the court makes a *de novo* determination of the claim under 12 U.S.C. § 1821(d)(6)(A), not a review of the administrative disallowance of the claim in accordance with 12 U.S.C. § 1821(d)(5)(E). *Muhammad v. FDIC*, 751 F.Supp.2d 114, 121 (D.D.C. 2010); *Brady Dev. Co. v. RTC*, 14 F.3d 998, 1003 (4th Cir. 1994).

15. Under 12 U.S.C. § 1821(d)(6)(A), this Court has jurisdiction to entertain the City's grounded claims for relief *de novo*.

## FACTS AND BACKGROUND

16. FRB was a financial institution with a principal place of business located at 111 Pine Street, 2nd Floor San Francisco, California 94111.

17.     On May 1, 2023, the California Department of Financial Protection and Innovation shut down FRB, and the FDIC was appointed as receiver for FRB.

18.     The Corporation Tax is imposed pursuant to Chapter 6 of Title 11 of the New York City Administrative Code (the "NYC Admin Code").

19.     FRB is subject to the Corporation Tax as a result of its business activities within the City.

20.     FRB filed its New York City Forms NYC-2A business corporation tax returns with DOF for the tax years 2018 through 2021  (the "Corporate Tax Returns"), and as such, FRB concedes it is subject to the Business Corporation Tax.

21.     The Commercial Rent Tax is imposed pursuant to Chapter 7 of Title 11 of the NYC Admin Code.

22.     FRB is subject to the Commercial Rent Tax as a result of being a commercial tenant within the City.

23.     FRB filed its New York City Forms CR-A commercial rent tax returns with DOF for the tax periods beginning June 1, 2017 through May 31, 2023 (the "Commercial Rent Tax Returns"), and as such, FRB concedes it is subject to the Commercial Rent Tax.

24.     Two separate DOF audit teams examined the Corporate Tax Returns and the Commercial Rent Tax Returns (collectively the "Tax Returns").

25.     Prior to the audit of the Corporate Tax Returns, a DOF audit team began auditing FRB tax returns on October 30, 2019 as a routine follow-up audit based on prior years for tax periods  beginning June 1, 2017 and later expanding to include the tax period ending March 31, 2020 (the "First CRT Audit Phase") for the Commercial Rent Tax. During the First CRT Audit Phase, DOF examined the reported calculation of base rent and found that the taxable rent to be

understated due to unreported amounts. In calculating the correct gross taxable rent, the auditor used a plain reading of NYC Admin Code § 11-702(a)(2), which states that rent for tax years beginning after May 31, 1981 - for amounts in excess of $ 11,000 - are taxed at a rate that is 80% of 7.5% of the total gross rent. Therefore, 6% of the total rent is the correct rate under the statute because it is 80% of 7.5%.[1] The auditor determined that FRB did not calculate their gross rent at 6%.

26.    The DOF Commercial Rent Tax Return audit was subsequently further expanded again on July 5, 2023 to include open tax periods June 1, 2020 through May 31, 2023 (the "Second CRT Audit Phase") as a result of FRB going into receivership on May 1, 2023. In the Second CRT Audit Phase, DOF utilized the same methodology in the First CRT Audit Phase by examining FRB's self-reported calculation of base rent and found that the taxable rent was understated for these later periods as well.

27.    The DOF Commercial Rent Tax Return audits on FRB both ended August 7, 2023, and DOF asserted a tax deficiency against FRB for tax periods beginning June 1, 2017 through May 31, 2023 totaling $ 1,896,392.07. The audit comments regarding the Commercial Rent Tax for tax periods beginning June 1, 2017 through May 31, 2023 are attached hereto as Exhibit A.

28.    Additionally, DOF determined that there was a substantial understatement of Commercial Rent Tax liability, and applied a penalty per NYC Admin Code § 11-715 for all tax periods at issue.

---

[1] NYC Admin Code Section § 11-702(a)(2) states a complicated formula that "[f]or tax years beginning after May thirty-first, nineteen hundred eighty-one, the tax shall be imposed at rates equal to eighty percent of the rates shown in the foregoing table" when determining the taxable amount on commercial rent. By looking at the table and applying this language, for tax years beginning after May 31, 1981, amounts in excess of $11,000 are taxed at a rate equal to 80% of the rate on the table in the statute showing 7.5% of the rent. In other words, the meaning in plain English is that a commercial tenant is subject to a 6% tax rate imposed on base rent.

29.     Meanwhile, a separate DOF auditor began auditing the FRB Corporate Tax Returns for tax years 2018 through 2021 on April 24, 2023 as a routine follow-up audit. After the receivership began on May 1, 2023, the DOF auditor determined that the scope of the audit should be expanded. The expanded scope of the audit included the goal of submitting a claim to the FDIC as receiver of FRB which would capture all known Corporate Tax liabilities. During the audit, DOF examined FRB's reported business income, business capital, and Business Allocation Percentage ("BAP") with respect to FRB's receipts of income allocable to, and thus taxable by, the City. This is known as the "receipts factor." BAP is a formula that determines income allocable to New York City by comparing a taxpayer's City income to income from all sources when that taxpayer has operations both within and without the City. DOF adjustments are noted in the audit comments, and based on these adjustments to BAP in the receipts factor per NYC Admin Code § 11-654.2, additional tax liability was assessed.

30.     The DOF Corporate Tax Return audit on FRB ended August 30, 2023, and DOF asserted a tax deficiency against FRB for tax years 2018 through 2021 totaling $ 5,195,775.38. The audit comments regarding the Corporation Tax for tax years 2018 through 2021 are attached hereto as Exhibit B.

31.     Additionally, DOF determined a substantial understatement of Corporate Tax liability for tax year 2021, and applied a penalty per NYC Admin Code § 11-676(11).

32.     Specifically, the tax deficiencies determined during the course of the audit for tax years 2018 through 2021 on the Corporation Tax are as follows:

| Tax Type | Calendar Year | Add'l Tax Due | Interest | Penalty | Total |
|---|---|---|---|---|---|
| Corporation Tax | 2018 | $462,258.51 | $100,902.59 | - | $563,161.10 |
| Corporation Tax | 2019 | $408,104.76 | $47,189.08 | - | $455,293.84 |
| Corporation Tax | 2020 | $618,613.57 | $105,364.45 | - | $723,978.02 |
| Corporation Tax | 2021 | $2,946,322.60 | $212,387.56 | $294,632.26 | $3,453,342.42 |
| | | *$4,435,299.44* | *$465,843.68* | *$294,632.26* | *$5,195,775.38* |

33.     In addition, the tax deficiencies determined during the course of the audit for tax periods beginning June 1, 2017 through May 31, 2023 on the Commercial Rent Tax are as follows:

| Tax Type | Tax Period Begin and End | Add'l Tax Due | Interest | Penalty | Total |
|---|---|---|---|---|---|
| Commercial Rent Tax | 1-Jun-17 to 31-May-18 | $306,084.64 | $161,268.15 | $126,546.77 | $593,899.56 |
| Commercial Rent Tax | 1-Jun-18 to 31-May-19 | $81,286.11 | $31,616.46 | $19,872.54 | $132,775.11 |
| Commercial Rent Tax | 1-Jun-19 to 31-May-20 | $144,845.57 | $38,838.23 | $41,145.96 | $224,829.76 |
| Commercial Rent Tax | 2-Jun-20 to 31-May-21 | $219,993.13 | $38,799.86 | $52,398.90 | $311,191.89 |
| Commercial Rent Tax | 3-Jun-21 to 31-May-22 | $228,868.08 | $20,632.83 | $44,646.63 | $294,147.54 |
| Commercial Rent Tax | 4-Jun-22 to 31-May-23 | $295,259.31 | - | $44,288.90 | $339,548.21 |
| | | *$1,276,336.84* | *$291,155.53* | *$328,899.70* | *$1,896,392.07* |

34.     The FDIC stated on its website that pre-receivership claims against the FRB must be filed on or before September 5, 2023 (the "Claims Bar Date").

35.     On July 17, 2023, the City timely filed with the FDIC a Proof of Claim pursuant to 12 U.S.C. § 1821(d). The Proof of Claim asserted claims for both the Corporation Tax and Commercial Rent Tax. The total amount of the claim is $ 7,092,167.45, which consists of a principal amount of $ 5,711,636.28, interest to the date of the Proof of Claim in the amount of $ 756,999.21, and penalties in the amount of $ 623,531.96. The (1) Proof of Claim, (2) proof of filing via the FDIC Claim Portal, and (3) a tax deficiency schedule are incorporated herein by reference and attached hereto as Exhibit C.

36.     The claim for Corporation Tax deficiency is $ 5,195,775.38, which consists of a principal amount of $ 4,435,299.44, interest to the date of the Proof of Claim in the amount of $ 465,843.68, and penalties in the amount of $ 294,632.26. Statutory interest continues to accrue. Additionally, based on the above adjustments determined during the course of the audit, DOF created audit workpapers supporting the tax deficiencies for the tax years 2018 through 2021 on the Corporate Tax. The tax workpapers for the Corporate Tax for tax years 2018 through 2021 are attached as Exhibit D.

37.     Additionally,   the   claim   for   Commercial   Rent   Tax   deficiency   is $ 1,896,392.07, which consists of a principal amount of $ 1,276,336.84, interest to the date of the Proof of Claim in the amount of $ 291,155.53, and penalties in the amount of $ 328,899.70. Statutory interest continues to accrue. Additionally, based on the above adjustments determined during the course of the audit, DOF created audit workpapers supporting the tax deficiencies for the tax periods beginning June 1, 2017 through May 31, 2023 on the Commercial Rent Tax. The tax workpapers for the Commercial Rent Tax for tax periods beginning June 1, 2017 through May 31, 2023 are attached as Exhibit E.

38.     On December 7, 2023, the FDIC disallowed the City's Proof of Claim and stated that it was ". . . disallowed as not proven to the satisfaction of the Receiver." The Disallowance is incorporated herein by reference and attached hereto as Exhibit F.

39.     In the Disallowance dated December 7, 2023, the FDIC preemptively stated it would not agree to an administrative review, specifically stating, "While section 1821(d)(7)(A) of Title 12 of the United States Code provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review. *The FDIC will not agree to any request for an administrative review of your disallowed claim*." (emphasis added). Based on the FDIC statement in the Disallowance disallowing any administrative review, the City has exhausted all administrative remedies and must now seek relief in this Court through this Complaint.

40.     Pursuant to 12 U.S.C. § 1821(d)(6)(A), the FDIC's Disallowance triggered the City's right to "file suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United

States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)" within 60 days thereafter.

## CLAIM FOR RELIEF AND CAUSE OF ACTION

41.     The City incorporates by reference all prior paragraphs as if they were fully set forth herein.

42.     The FDIC was appointed as a receiver for First Republic Bank on May 1, 2023, and thereupon assumed liability for tax claims against this entity.

43.     The City has legitimate tax claims against FRB and is entitled to collect taxes due, and thus the FDIC, in its capacity as receiver for FRB, is liable for the claim amount.

44.     The City seeks a declaratory judgment declaring the extent to which the FDIC have assumed FRB's liabilities and ongoing obligations.

45.     As a direct and proximate cause of the Disallowance of the claim, the City has suffered and continues to suffer significant damages. As such, statutory interest on the unpaid tax continues to accrue.

**WHEREFORE**, the City respectfully requests:

(A) a judgment in their favor against the FDIC plus pre-and post-judgment interest, cost of suit, and attorneys' fees;

(B) the Disallowance of the City's claim be reversed in the amount determined, plus pre- and post-judgment interest, cost of suit, and attorneys' fees incurred in connection with this action;

(C) that the claim be allowed in its entirety;

(D) a declaratory judgment declaring the extent to which the FDIC have assumed those liabilities and ongoing obligations; and

(E) that the Court award such other and further relief as it deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: February 1, 2024
New York, NY

Respectfully submitted,

HON. SYLVIA O. HINDS-RADIX
  *Corporation Counsel of the*
  *City of New York*
Attorney for Plaintiff
100 Church Street, Room 5-240
New York, NY 10007
Phone: (212) 356-1000

By: _____
    Jesse A. Townsend
    Assistant Corporation Counsel
    D.D.C. Bar #: NY0239
    Phone: (212) 356-2067

By: _____
    Joshua G. Gamboa
    Assistant Corporation Counsel
    D.D.C. Bar #: *Pending Admission*
    New York Bar #: 5489703
    Phone: (212) 356-2114